*Adamis v. Lampropoulou*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand sixteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges*,
> ALVIN K. HELLERSTEIN,*
> *District Judge.*

_____

NIKOLAOS ADAMIS,

> *Petitioner-Appellant*,

> v.                                                                 15-1936

FOTINI LAMPROPOULOU, AKA FOTINY LAMBROPOULOS,

> *Respondent-Appellee*.

_____

---

* Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONER-APPELLANT:**     Nikolaos Adamis, pro se, Porto Rafti, Greece.

**FOR RESPONDENT-APPELLEE:**     Fotini Lampropoulou, pro se, Douglaston, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Nikolaos Adamis, proceeding pro se, appeals from the district court's judgment denying his petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, 1343 U.N.T.S. 89 ("the Hague Convention"), as implemented by the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 *et seq.*, for return of his son, D.A., to Greece following his removal to the United States by D.A.'s mother, appellee Fotini Lampropoulou.   Following a bench trial, the district court found that Adamis had consented to the removal of D.A. from Greece, which meant that the move was not "wrongful" under the Hague Convention.[1]   On appeal, we construe Adamis's pro se submissions as challenging the district court's factual findings.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"In cases arising under the [Hague] Convention, a district court's factual

---

[1]   The district court also found that D.A. was of sufficient age and maturity for the court to take his views into account and did not want to be returned to Greece.   Because we conclude that the district court did not commit clear error in finding that Adamis consented to D.A.'s removal, we do not address that finding on appeal.

2

determinations are reviewed for clear error. However, the district court's application of the Convention to the facts it has found, like the interpretation of the Convention, is subject to de novo review." *See Gitter v. Gitter*, 396 F.3d 124, 129 (2d Cir. 2005) (alterations and internal quotation marks omitted). When a finding is based on a credibility determination, "particularly strong deference should be granted to the finding in light of the factfinder's unique ability to assess the witness." *Ortega v. Duncan*, 333 F.3d 102, 107 (2d Cir. 2003) (internal quotation marks omitted).

The Hague Convention was adopted "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." *Ermini v. Vittori*, 758 F.3d 153, 160 (2d Cir. 2014), quoting Hague Convention, Preamble. The Convention seeks to prevent the wrongful removal of a child to a jurisdiction more favorable to custody, and "is not designed to adjudicate custody claims." *Id.* The Convention thus "does not establish substantive standards for resolving the merits of any underlying custody dispute[,] . . . [and its] focus is simply upon whether a child should be returned to [his] country of habitual residence for custody proceedings." *Mota v. Castillo*, 692 F.3d 108, 112 (2d Cir. 2012). Under Article 13 of the Hague Convention, a court is not bound to order a child's return if the respondent establishes that the petitioner had "consented to or subsequently acquiesced in" the removal of the child. Hague Convention, art. 13(a).

The district court's finding that Adamis consented to D.A.'s removal was based largely on the court's assessment of recorded conversations between D.A. and Lampropoulou. Adamis, who was represented below, consented through counsel to the admissibility of those recordings at trial and stipulated as to their authenticity. For the first time on appeal, Adamis argues that the tapes were doctored. That argument, and any argument that the recordings should not have been admitted because they were made in violation of Greek law, has been waived. *See Krieger v. Gold Bond Bldg. Prods.*, 863 F.2d 1091, 1096 (2d Cir. 1988) (argument as to inadmissibility of evidence to which party did not object at trial is deemed waived on appeal).

The district court's finding that Adamis consented to D.A.'s removal was not clearly erroneous. The district court relied on the testimony of Lampropoulou, D.A., and D.A.'s stepsister, Toula. Their statements were corroborated by a recorded conversation that occurred approximately ten days before Lampropoulou moved with D.A. to the United States. The conversation confirms that Lampropoulou could live in the United States with D.A., and could "come and go" to Greece with D.A. Crediting Lampropoulou's testimony, the district court found that there were no further conversations between the couple about the move until after Lampropoulou had already arrived in the United States, and that Adamis's explanation for the recording – that he had consented only to a short trip to New York – was not credible. We defer to those credibility findings which, particularly in conjunction with the recorded conversations, are not clearly erroneous.

We note that the determination that D.A.'s removal from Greece was not wrongful under the Hague Convention establishes only that he will not be ordered returned to Greece. Our decision does not have any bearing on the merits of any future custody case, nor does it affect the "existing allocation of custody rights." *Abbott v. Abbott*, 560 U.S. 1, 20 (2010).

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5